# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-230-KDB-DCK

| | |
|---|---|
| CATHY ANN MARINE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Dismiss" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will respectfully recommend that the motion be granted.

Cathy Ann Marine ("Plaintiff") filed her "Complaint" on April 17, 2020. Plaintiff also filed an "Application To Proceed In District Court Without Prepaying Fees Or Costs" (Document No. 2) on April 17, 2020.

The Honorable Kenneth D. Bell issued an "Order" (Document No. 3) on April 20, 2020 denying Plaintiff's application to proceed without preparing fees or costs. In the Order, Judge Bell stated that "the combined current annual income of Plaintiff and her spouse, $71,520.00, is greatly in excess of the 2020 U.S. Department of Health & Human Services Poverty Guidelines …" (Document No. 3). Judge Bell concluded that "Plaintiff must pay the $400.00 filing fee within 30 days of this Order or her action will be dismissed without prejudice and without further notice to Plaintiff." Id.

By the pending "Motion To Dismiss" (Document No. 4) filed May 11, 2020, Plaintiff now seeks dismissal of this action without prejudice. Plaintiff, through counsel, asserts to the Court that she "cannot afford to pay the filing fee." (Document No. 4, p. 1). It does not appear that Defendant has been served in this matter.

Pursuant to Judge Bell's previous order that Plaintiff must pay the filing fee, and Plaintiff's indication that she is unable or unwilling to pay such fee, the undersigned finds good cause to recommend dismissal of this lawsuit.

**BASED ON THE FOREGOING**, the undersigned respectfully recommends that Plaintiff's "Motion To Dismiss" (Document No. 4) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 12, 2020

David C. Keesler
United States Magistrate Judge